*233 OPINION.
SteRnhagen :
The petitioner claims exemption under Revenue Act of 1938, section 101 (7), as a business league not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual. . The claim, we think, was properly denied by the Commissioner. The petitioner’s purchase of supplies at a discount and its resale to the members at less than they would otherwise pay is a business operation and its advantage is the sort of profit inuring to the benefit of the members which is preclusive of the statutory exemption. The fact that the corporation was organized under *234 the state laws relating to nonprofit corporations and the officers had no intention to conduct its operations at a profit is less important than its actual operations. Under article XY of the bylaws supplies1 may be sold to members at a price which includes a service charge or handling fee, the profits from which may be set aside in a surplus fund; and by article XVI the surplus fund may be distributed among the members. Petitioner wag a cooperative buying organization, withholding a margin, however small. Such cooperatives are not among the exempt organizations of the statute, as are farmers’ cooperatives, which buy supplies and turn them over to members at actual cost plus necessary expenses. Sec. 101 (12).
The determination is sustained. Uniform Printing & Supply Co. v. Commissioner, 33 Fed. (2d) 445; Northwestern Jobbers' Credit Bureau v. Commissioner, 37 Fed. (2d) 880; Produce Exchange Stock Clearing Association, Inc. v. Helvering, 71 Fed. (2d) 142; Retailers Credit Association of Alameda County v. Commissioner, 90 Fed. (2d) 47; Northwestern Municipal Association, Inc. v. United States, 99 Fed. (2d) 460; Park West-Riverside Associates, Inc. v. Helvering, 110 Fed. (2d) 1022; Durham Merchant's Association v. United States, 34 Fed. Supp. 71.

Decision will be entered for the respondent.